The opinion of the court was delivered by
Tilghman, C. J.
This is an action brought originally by Long against Wilson, before a justice of the peace, who gave judgment for the plaintiff for seventy-five dollars and thirty-eight cents.. The defendant appealed to the Court of Common Pleas, where the cause was submitted to arbitrators, who made an award in favour of the plaintiff, for ninety-five dollars, and the costs of suit. The question is, Whether the justice of the peace had jurisdiction ? By the act of the 20th of March, 1810, justices have jurisdiction “of all causes of action arising from contract, express or implied, where the sum demanded is not above one hundred dollars, except in cases of real contract, where the title to lands or tenements may come in question, or actions upon promise of marriage.” By the act of the 22d of March, 1814, (sect. 6,) they have jurisdiction “of all cases of rent, not exceeding one hundred dollars.” And, by the same act, (sect. 1,) their jurisdiction is extended to “ actions of trover and conversion, and actions of trespass, brought for recovery of damages, for an injury done or committed on real and personal estate, in all cases where the value of the property claimed, or the damages alleged to have been sustained, shall not exceed one hundred dollars.” Let us see, now, what was the cause of action in the present case. The declaration sets forth, a demand of the plain tiff against the defendant, as executor of Charles Lysle, deceased, for three several sums of money; one of which was recovered by the plaintiff against the defendant, by judgment of the Court of Common Pleas; another was due to the plaintiff as one of the heirs of the said Charles Lysle, and the third, was received by the defendant, as executor of the said Lysle, for the use of the plaintiff. The declaration states, that the defendant had assets of Lysle in his hands, sufficient to pay all these debts, which he wasted; whereby action accrued to the plaintiff, to have and recover of the defendant, the whole aggregate of his three demands. No assumption, or contract of any kind, is averred. It is an action founded on the devastavit of the defendant, as executor of Charles Lysle, whereby he became personally liable to the plaintiff No contract, express or implied, arises on a devastavit. Neither is a devastavit a trespass within the meaning of the act of the ,22d of March, *60 1814. The trespasses there spoken of, are vi el armis, against real or personal property. Besides, if we analyze the plaintiff's three demands, it will be found, that not more than one of them falls within the jurisdiction of a justice. No contract arises on a judgment of a court of record. On foreign judgments there is an implied assumption, but they are not debts of record. There would be a great inconvenience and impropriety, in carrying into effect, by justices of the peace, the judgments of our own courts of record. Neither does any contract, express or implied, arise, between the executor and a legatee of the testator. No action at common law, lies for the recovery of a legacy, unless the executor expressly promises to pay it. But a remedy is given to the legatee, by the act of assembly. It appears, therefore, that the cause of action in the case before us, neither in its separate parts, nor in the aggregate, was within the jurisdiction of the justice. Consequently, it is the opinion of the court, that the judgment should be reversed.
Judgment reversed.